Rachel Flinn, Esq. #027000
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
Attorney for Russell Brown, Chapter 13 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| AVELINO GUTIERREZ, JR., | Case No. 2:22-bk-05372-EPB |
| and | **APPLICATION TO APPOINT SPECIAL COUNSEL FOR TRUSTEE** |
| MARIA T. GUTIERREZ, | |
| Debtors. | |

The application of Russell Brown, duly appointed Trustee in the above captioned matter, by and through undersigned counsel, respectfully represents:

1. On or about August 15, 2022, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

2. On or about or about September 9, 2025, Avelino Gutierrez, Jr. ("Debtor"), was involved in a car accident.

3. On or about September 9, 2025, Debtor executed a fee agreement, whereby Debtor agreed to employ Lerner & Rowe Injury attorneys to represent him in the personal injury matter on a contingency fee basis. Donn M. Coolidge of Lerner & Rowe Injury Attorneys (hereinafter " Counsel"), has been assigned to the file. The contingent fee agreement is attached hereto. By signing the fee agreement, the Debtor agreed to employ Counsel, to represent him in the matter on a contingency fee basis of thirty-percent (30.0%) of all amounts recovered before the filing of a formal complaint. The contingency fee is set at forty-percent (40%) of all amounts recovered after the filing of a formal complaint or demand for arbitration or request for mediation.

4. The Debtor's right to recovery in the personal injury matter is property of the bankruptcy estate

1

pursuant to 11 U.S.C. § 541 and §1306.

5. Any net recovery will be treated as a supplement to the Plan with payments going to priority and general unsecured creditors first.

6. The Trustee wishes to employ, Counsel as his special counsel on the basis of the aforementioned Contingency Fee Agreement for the purpose of pursuing the estate's interest in the Debtor's portion of the personal injury matter. Only in the event of a recovery will the bankruptcy estate compensate Counsel, for his fees and costs. In the event of a recovery, the compensation of attorney fees and costs will be paid from the recovery up to the amount of that recovery.

7. Applicant has selected Counsel, for the reason that he is familiar with the personal injury claim in which representation of the Debtor has commenced and there exists a complete file on the case.

8. Based on the affidavit attached hereto, Counsel has no connection with the Debtors' creditors or any other party in interest, other than his representation of Mr. Gutierrez in the pending personal injury claim. Counsel, represents no interest adverse to applicant or the estate in matters upon which said Counsel is to be engaged for applicant, and employment of Counsel is in the best interest of the estate.

9. Counsel recognizes that any final award of attorney fees and costs, as well as any proposed settlement of the claim and all disbursements therefrom, are subject to review and approval by the Bankruptcy Court.

WHEREFORE, the Trustee prays that he be authorized to employ and appoint Donn M. Coolidge of Lerner & Rowe Injury Attorneys, to represent him for the purpose of pursuing the estate's interest in the Debtor's portion of the personal injury claim, with any settlement and all disbursements, including all fees and costs, being subject to Bankruptcy Court approval.

RUSSELL BROWN,
CHAPTER 13 TRUSTEE

By: _____

Rachel Flinn ABN 027000
Staff Attorney for Chapter 13 Trustee
*Rflinn@ch13bk.com*

Copy of the foregoing mailed or emailed to the following parties on the date of the electronic signature affixed hereto:

PHOENIX FRESH START
David Cutler, Esq.
Thomas McAvity, Esq.
tom@nwrelief.com;
david@phxfreshstart.com


Donn M. Coolidge, Esq.
 Lerner & Rowe Injury Attorneys
dcoolidge@lernerandrowe.com
(Proposed Special Counsel)

Elizabeth C. Amorosi, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
*Elizabeth.C.Amorosi@usdoj.gov*

**LERNER & ROWE**
**INJURY ATTORNEYS**

## CONTINGENCY FEE AGREEMENT A

I, _____Avelino Gutierrez_____, hereby retain LERNER & ROWE, A PROFESSIONAL CORPORATION, ("Attorney") as my attorney at law to render professional services and do such things as are necessary and proper to prosecute any and all claims of the undersigned against any person(s) or other entities responsible for injuries or damages sustained on or about _____9/9/2025_____. However, it is specifically understood and agreed that, absent further written agreement, the scope of this representation shall not extend to accident-related products liability claims, medical malpractice claims, disability claims, tax claims, workers compensation claims, property damage claims and/or substitute vehicle expense reimbursement claims.

FEES: Attorney shall receive for such professional services: **THIRTY PERCENT (30%) OF THE GROSS RECOVERY (REGARDLESS OF THE MANNER OR FORM) HEREAFTER, IF SETTLED WITHOUT FILING SUIT OR DEMAND FOR ARBITRATION OR REQUEST FOR MEDIATION, OR FORTY PERCENT (40%) THEREOF IF SUIT IS FILED OR THERE HAS BEEN A DEMAND FOR ARBITRATION OR REQUEST FOR MEDIATION**. The phrase "gross recovery" as used herein includes, in addition to any recovery from any third party, recovery obtained or compensation for any injury or damage resulting from this accident. It specifically includes any recovery realized from any uninsured motorist, under-uninsured motorist and/or medical payments coverage as well as any monies obtained from any health insurance carrier as reimbursement for medical expense for injuries sustained in or resultant from this accident. In this regard Attorney shall collect medical bills, negotiate coverage, negotiate the reasonableness of medical billings with such carriers and litigate or resolve remaining issues arising therefrom. Attorney shall also collect and distribute monies thus obtained. If the recovery is in the form of a structured settlement (periodic payments rather than one lump sum), the attorney's fees may, at the Attorney's option, be structured or may be calculated on the present-day value of the settlement and may be paid from the first monies received. Any related fees and expenses not specifically covered by this Agreement, including but not limited to fees for services on appeal, or retrial, or collection of judgment will be subject to a special agreement to be negotiated between the undersigned and Attorney. In the event of a dispute between Client and Attorney involving fees and/or costs that cannot be resolved informally, Client and Attorney hereby agree to submit the matter to the Fee Arbitration program of the State Bar. Client and Attorney also agree that if the dispute is submitted to the State Bar Fee Arbitration program, the decision of the fee arbitrator(s) will be final and non-appealable. Client and Attorney waive the right to file suit in court concerning disputed fees and costs.

COSTS: The undersigned Client, upon request, shall advance all costs of suit and expenses of representation, investigation, and preparation in this case. ALL COSTS NOT SO ADVANCED WILL BE DEDUCTED FROM THE CLIENT'S SHARE OF THE RECOVERY. ATTORNEY MAY EMPLOY ASSOCIATE COUNSEL, ASSISTANTS, CASE MANAGEMENT PROFESSIONALS, INVESTIGATORS, EXPERTS, AND OTHER THIRD-PARTY VENDORS INCLUDING BUT NOT LIMITED TO THIRD-PARTY LIEN RESOLUTION ENTITIES, AT CLIENT'S EXPENSE AND ATTORNEY'S SOLE DISCRETION. IN THE EVENT OF A LOSS, IF THE OPPOSING PARTY IS AWARDED ATTORNEY'S FEES AND/OR COSTS, INCLUDING WITNESS FEES, THE CLIENT SHALL BE SOLELY RESPONSIBLE FOR THEIR PAYMENT. CLIENT HAS BEEN INFORMED AND UNDERSTANDS THAT HE/SHE SHALL BE EXCLUSIVELY RESPONSIBLE FOR THE PAYMENT OF ANY ATTORNEY'S FEES, COSTS, AND INTEREST AWARDED TO AN ADVERSE PARTY DUE TO CLIENT'S REFUSAL OF AN OFFER OF JUDGMENT PROFFERED BY AN ADVERSE PARTY, WHEREUPON A LESS FAVORABLE JUDGMENT IS THEN OBTAINED. CLIENT UNDERSTANDS AND AGREES THAT LITIGATION AND OTHER EXPENSES ARE TO BE DEDUCTED FROM THE RECOVERY AFTER THE CONTINGENT FEE IS CALCULATED. Client has been informed and understands that he/she shall be exclusively responsible for the payment of any county arbitrator fees, as well as taxable costs, attorney's fees, and reasonable expert fees of the adverse party due to Client's refusal to accept a court-ordered non-binding arbitration award, whereby the final judgment fails to improve the arbitration award by at least TWENTY-FIVE PERCENT (25%). Client is hereby notified that there is a standard administrative charge assigned to his/her file in the sum of TWO HUNDRED FIFTY DOLLARS ($250.00) for costs associated with use of telephones, copies, software, software licensing, artificial intelligence, i-cloud, storage, etc. Client understands and agrees that hard costs incurred by Attorney in prosecution of his/her claim shall be added to the aforementioned standard administrative charge and the combined total of all charges/costs shall be deducted from Client's share of the final recovery in accordance with applicable provisions of the instant Agreement. CLIENT IS HEREBY NOTIFIED AND AGREES THAT, AT ATTORNEY'S SOLE DISCRETION, FUNDING FOR COSTS OF SUIT AND/OR EXPENSES OF REPRESENTATION, INVESTIGATION AND PREPARATION IN THIS CASE MAY BE OBTAINED BY ATTORNEY FROM A FINANCIAL INSTITUTION AND IN SUCH EVENT, CLIENT IS RESPONSIBLE FOR REPAYMENT OF BOTH PRINCIPAL, INTEREST AND ALL ASSOCIATED FEES OUT OF CLIENT'S SHARE OF ANY RECOVERY.

CONSENT TO VENDOR DISCLOSURE: CLIENT EXPRESSLY AUTHORIZES ATTORNEY TO DISCLOSE CONFIDENTIAL, PRIVILEGED, AND POTENTIALLY PRIVILEGED INFORMATION TO THIRD-PARTY VENDORS INCLUDING BUT NOT LIMITED TO ARTIFICIAL INTELLIGENCE (AI) PLATFORMS TO THE EXTENT NECESSARY FOR THIRD-PARTY VENDORS TO ASSIST IN THE CLAIMS AND LIEN RESOLUTION PROCESS.

MEDICAL TREATMENT: IT IS UNDERSTOOD THAT THE COST OF MEDICAL CARE AND TREATMENT IS THE SOLE OBLIGATION OF THE CLIENT FOR WHICH THE UNDERSIGNED CLIENT IS RESPONSIBLE EITHER INDEPENDENTLY OR OUT OF THE UNDERSIGNED CLIENT'S SHARE OF ANY RECOVERY AND DOES NOT CONSTITUTE COSTS UNDER THIS AGREEMENT NOR CHARGES AGAINST ATTORNEY IN ANY WAY.

USE OF SOFTWARE: CLIENT EXPRESSLY CONSENTS TO USE OF ARTIFICIAL INTELLIGENCE AND / OR OTHER SOFTWARE IN PROSECUTION OF HIS/HER CLAIM OR CLAIMS.



Glen J. Lerner, Esq. ■
Kevin M. Rowe, Esq. ♦

■ Licensed in NV
♦ Licensed in AZ, IL, NM, OR and WA

**POWER OF ATTORNEY:** Client hereby gives Attorney full power of attorney as is necessary to represent Client including, but not limited to, the power to sign all letters, pleadings, motions, orders, court documents, authorizations, and dismissals in every respect as though Client were personally so doing, subject to local Supreme Court Rules regarding professional conduct. Client expressly authorizes Attorney to negotiate all insurance checks and/or drafts. This negotiation shall be for the sole and exclusive purpose of depositing said checks into Attorney's trust account so that the said checks or drafts will not unduly age prior to depositing and so Client's personal presence will not be required for such technical purpose. In this regard, Client specifically authorizes Attorney to affix Client's signature to said checks or drafts for such limited purposes.

**DISBURSEMENT OF RECOVERY:** ANY FUNDS RECEIVED SHALL BE DISBURSED FIRST TO PAY COSTS (WITH ANY ASSOCIATED INTEREST AND FEES) INCURRED IN PROSECUTING CLIENT'S CASE; SECOND TO ATTORNEY TO PAY LEGAL FEES; THIRD TO MEDICAL FACILITIES AND LIENHOLDERS AND THE REMAINDER SHALL BE DISBURSED TO THE CLIENT.

**WITHDRAWAL:** Attorney may withdraw from this case at any time upon giving reasonable notice, but upon such withdrawal Attorney shall recover no fee, although Attorney shall be reimbursed for any costs expended. This provision of fee waiver shall not apply to any withdrawal caused by the Client's withholding or misrepresentation of material fact compromising Attorney's ethical obligations and/or failure of the Client to reasonably cooperate with Attorney, in which case Attorney shall be entitled to a lien for services rendered in the same manner as if Attorney were discharged by client, as detailed below.

**CONFLICT WAIVER AMONG MULTIPLE CLIENTS:** Client has been informed and understands that a potential conflict of interest is presented any time Attorney represents more than one client in a case or matter. Although Client (s) have not indicated that there is any disagreement among them, and although the facts known to date do not suggest any actual conflict of interest, Client acknowledges that a divergence of interests could occur in the future. Client has been informed and understands that, in the event of an actual conflict of interest, Attorney may be required to disclose confidential information and may require a new written conflict waiver from Clients or withdraw from representation. BEING SO INFORMED, CLIENT HEREBY KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVES ANY AND ALL POTENTIAL CONFLICTS OF INTEREST.

**ATTORNEY'S LIEN:** I HEREBY GIVE AND ASSIGN TO ATTORNEY AN IRREVOCABLE LIEN ON ANY SUM TO WHICH I BECOME ENTITLED TO SECURE ATTORNEY'S COMPENSATION AND ANY COSTS ADVANCED BY ATTORNEY. I FURTHER UNDERSTAND THAT IN THE EVENT OF A TERMINATION OF THE ATTORNEY-CLIENT RELATIONSHIP BY THE CLIENT, THE REASONABLE VALUE OF ATTORNEY'S SERVICES SHALL BE THE GREATER OF FIVE HUNDRED DOLLARS ($500.00) PER HOUR OR THE APPROPRIATE PERCENTAGE OF ANY OUTSTANDING SETTLEMENT OFFER PURSUANT TO APPLICABLE EXPRESS PROVISIONS OF THIS AGREEMENT. SHOULD THE LIEN BE CALCULATED UPON AN HOURLY RATE, IT IS FURTHER AGREED THAT THE REASONABLE VALUE OF PARALEGAL OR LEGAL ASSISTANT SERVICES SHALL BE TWO HUNDRED FIFTY DOLLARS ($250.00) PER HOUR. IF NO RECOVERY IS OBTAINED THE ATTORNEY SHALL RECEIVE NO FEE FOR PROFESSIONAL SERVICES HEREIN.

**ACKNOWLEDGMENT:** CLIENT HAS BEEN INFORMED AND ACKNOWLEDGES THAT ATTORNEY HAS MADE NO PROMISES OR GUARANTEES REGARDING OUTCOME AS TO THE SUBJECT MATTER OF THE INSTANT REPRESENTATION. CLIENT FURTHER ACKNOWLEDGES, AT THE CONCLUSION OF REPRESENTATON AND UPON TIMELY CLIENT REQUEST, ALL ORIGINAL PAPERS AND PROPERTY PROVIDED TO ATTORNEY SHALL BE RETURNED TO CLIENT. ATTORNEY WILL RETAIN CLIENT'S ORIGINAL FILE / DIGITIZED/SCANNED COPY OF CLIENT'S ORIGINAL FILE FOR A PERIOD OF THREE (3) YEARS FOLLOWING TERMINATION OF REPRESENTATION. CLIENT AGREES THAT ATTORNEY MAY DISPOSE OF CLIENT'S ORIGINAL FILE/ DIGITIZED/SCANNED COPY OF CLIENT'S ORIGINAL FILE AFTER A PERIOD OF THREE (3) YEARS FROM TERMINATION OF REPRESENTATION WITHOUT FURTHER NOTICE. CLIENT AGREES TO TIMELY PROVIDE ATTORNEY WRITTEN NOTICE OF ANY ITEMS OR PROPERTY IN ATTORNEY'S POSSESSION WHICH HAVE VALUE BEYOND USE IN REPRESENTATION OF CLIENT. CLIENT AGREES, ABSENT TIMELY, WRITTEN NOTICE, ANY AND ALL SUCH ITEMS OR PROPERTY MAY BE DESTROYED ALONG WITH THE CLIENT'S FILE CONTENTS, AS SET FORTH HEREIN.

**RETENTION EFFECTIVE UPON EXECUTION BY ATTORNEY:** IT IS UNDERSTOOD AND AGREED THAT RETENTION BECOMES EFFECTIVE ONLY UPON EXECUTION OF THIS AGREEMENT BY ATTORNEY.

DATED: ___09/09/2025___ CLIENT: _____ ATTORNEY: _____

I HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS RETAINER AGREEMENT

DATED: ___09/09/2025___ CLIENT: _____

2701 East Camelback Road, Suite 140 | Phoenix, AZ 85016 | Tel: (602) 977-1900 | Fax: (602) 977-1901
Phoenix ● Glendale ● Bullhead
Mesa ● Gilbert ● Bullhead City ● Tucson ● Yuma
Tennessee ● New Mexico

Case 2:22-bk-05372-EPB   Doc 47   Filed 05/19/26   Entered 05/19/26 15:17:55   Desc
Main Document   Page 5 of 7

Rachel Flinn, Esq. #027000
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
Attorney for Russell Brown, Chapter 13 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| AVELINO GUTIERREZ, JR., | |
| | Case No. 2:22-bk-05372-EPB |
| and | |
| | **AFFIDAVIT OF** |
| MARIA T. GUTIERREZ, | **SPECIAL COUNSEL** |
| | |
| Debtors. | |

STATE OF Arizona     )
           ) ss.
County of Maricopa    )

I, Donn M. Coolidge, Esq. of Lerner & Rowe Injury Attorneys, do hereby make this solemn oath:

1. I am an attorney authorized to practice in the state of Arizona.

2. I maintain an office for the practice of law located at 2701 E. Camelback Road, Suite 140, Phoenix, Arizona 85016.

3. I have no connection with the Debtors, their creditors, or any other party in interest herein, or their respective attorneys, other than my current representation of the Mr. Gutierrez concerning his personal injury claims.

4. I represent no interest adverse to the Debtors herein, or the estate, in matters upon which I am to be engaged.

1

5.     I understand that fees and costs incurred by me in the representation of the Debtor are subject to the approval of the Bankruptcy Court.

6.     I further understand that any settlement of the estate's claims in which I am engaged as special counsel for the Trustee, as well as any disbursements out of the settlement, must be approved by the Bankruptcy Court.

DATED this 5ᵗʰ day of May, 2026.

_____
Donn. M. Coolidge

SUBSCRIBED AND SWORN to before me this 5ᵗʰ day of May, 2026.

_____
Notary Public

My commission Expires:

09/08/2028

REBECCA MCMARTIN
Notary Public - Arizona
Maricopa County
Commission # 674098
My Comm. Expires Sep 8, 2028

Case 2:22-bk-05372-EPB    Doc 47    Filed 05/19/26    Entered 05/19/26 15:17:55    Desc
Main Document       Page 7 of 7